# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. WOOD,

        Petitioner,     :    Case No. 3:19-cv-304

  - vs -                         District Judge Walter H. Rice
                                 Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
   Noble Correctional Institution,

                           :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 30) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 17). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 31).

At the time of the original Report, Wood was proceeding *pro se*. After the Report was filed, Wood retained counsel who was given extensions of time of over sixty days to prepare the Objections (ECF Nos. 24-29).

Instead of numbering all his grounds for relief in one numerical series, Petitioner grouped his claims separately in relation to the state court proceedings from which they arose (direct appeal (five grounds), 26(B) application (four grounds), and post-conviction petition (three grounds). The Report maintained Wood's organization because the Petition was quite lengthy (116 pages) and complex in its argument.

Rather than object to specific portions of the Report as it parallels the Petition, counsel

1

asserts:

> All the claims raised by Petitioner in his Petition for Writ of Habeas Corpus (ECF No. 1) are subsumed in his claims of ineffective assistance of counsel. That is, even though each of the Grounds set forth in his Petition are, in their own right, reversible errors in his state proceedings, they only become constitutional violations justifying his prayer for habeas relief because of the conduct – or lack thereof – of his attorneys.

(Objections, ECF No. 30, PageID 1333.) That is, Wood now asserts through counsel that he is unconstitutionally convicted because he received ineffective assistance of both trial and appellate counsel. *Id.* at PageID 1334.

The governing standard for assessing ineffective assistance of trial counsel and ineffective assistance of appellate counsel was adopted by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and is set forth in the Report (ECF No. 17, PageID 1303-1304). That is the standard the Second District purportedly applied in deciding this case. *State v. Wood*, 2018-Ohio-875 (Ohio App. 2nd Dist. Mar. 9, 2018)(direct appeal); *State v. Wood*, Case No. CA 2016-CA-69 (2nd Dist. Jul. 6, 2018)(unreported; copy at State Court Record, ECF No. 14, Ex. 23)(26(B) application); *State v. Wood*, 2018-Ohio-3204 (Ohio App. 2nd Dist. Aug. 10, 2018)(post-conviction appeal)1. Thus the question for this habeas court is whether the Second District's decisions are objectively unreasonable applications of *Strickland*. 28 U.S.C. § 2254(d)(1); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Harrington v. Richter*, 562 U.S. 86 (2011):

This Supplemental Report will analyze the Objections in the order in which they are presented, rather than attempting to rearrange them according to the claims in Petition.

---

[1] The Supreme Court of Ohio declined to exercise appellate jurisdiction over all three of these decisions.

**The Birchfield Claim**

Habeas counsel asserts trial and appellate counsel were ineffective for failure to argue Wood's conviction in Case No. 2016-CR-143[2] is unconstitutional under *Birchfield v. North Dakota*, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016))(Objections, ECF No. 30, PageID 1334). *Birchfield* was announced June 23, 2016, and thus precedential at the time of Wood's conviction on September 29, 2016. If *Birchfield* makes Wood's conviction unconstitutional, it would certainly have been deficient performance under *Strickland v. Washington,* 466 U.S. 668 (1984), to fail to raise that claim. *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

North Dakota and Minnesota had made it a crime to refuse a chemical test of one's blood, urine, or breath for alcohol content when arrested for driving under the influence of alcohol. In *Birchfield* the Supreme Court held that a State may not constitutionally criminalize a refusal of a blood test, but may do so with refusal of the less intrusive breath test. Wood argues his conviction in Case No. 2016-CR-143 is unconstitutional under *Birchfield*.

The grand jury indicted Wood on three counts related to his conduct on February 2, 2016: a violation of Ohio Revised Code § 4511.19(A)(1)(A) with a specification of five prior DUI convictions within twenty years (Count 1), a violation of Ohio Revised Code § 4511.19(A)(2)(b) with the same specification (Count 2), and a violation of Ohio Revised Code § 4511.19(A)(1)(A) with no specification (Count 3). Ohio Revised Code § 4511.19(C) permits a jury to return verdicts on separate counts under 4511.19, but requires the State to elect on which charge it will proceed. In this case the State elected to proceed under on Count Two (Judgment Entry, State Court Record, ECF No. 10, Ex. 14).

---

[2] Wood was convicted in Case Nos. 2016-CR-143 and 144 which were tried together. The 143 case involves an incident on February 2, 2016, and the 144 case incident happened on March 17, 2016.

Ohio Revised Code § 4511.19(A)(2) provides

> (2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense **shall do both of the following**:
>
> (a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;
>
> (b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

(Emphasis supplied)

Unlike the statutes at issue in *Birchfield*, the Ohio statute does not criminalize the mere refusal of a chemical test. Instead, it criminalizes driving under the influence a second time within twenty years and, after arrest for that conduct, refusing a chemical test[3]. To convict Wood on Count 2, the State had to prove that (1) he operated a motor vehicle under the influence, (2) when arrested and advised of the consequences of doing so, he refused a chemical test, **and** (3) he had been convicted of DUI once before within the last twenty years. Ohio Revised Code § 4511.19(A)(2)(a) and (b) are not alternatives; as the statute expressly provides, **both** must be proved to obtain a conviction under this statute.

*Birchfield* does not invalidate Ohio Revised Code § 4511.19(A)(2) because it does not criminalize mere refusal of a chemical test. Because of that, it cannot have been ineffective

---

[3] The only test offered to Wood on the February arrest was a blood test at a hospital.

4

assistance of trial or appellate counsel to fail to make that argument. Failing to raise wholly meritless claims is neither deficient nor prejudicial. *Moody v. United States,* 958 F.3d 485, 492 (6th Cir. 2020), citing *Bennett v. Brewer,* 940 F.3d 279, 286-87 (6th Cir. 2019); *Sutton v. Bell,* 645 F.3d 752, 755 (6th Cir. 2011). Wood's first claim of ineffective assistance in the Objections is without merit.

Not only is the *Birchfield* claim without merit, it is also procedurally defaulted. No claim was made in the trial court, on direct appeal, in post-conviction, or in the 26(B) application that *Birchfield* rendered Ohio Revised Code § 4511.19(A)(2) unconstitutional.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Wood's *Birchfield* claim, whether a matter of trial court error or of ineffective assistance of trial or appellate counsel is procedurally defaulted because it was never raised in the state courts and there remains no available state court remedy to exhaust.

Wood's *Birchfield* claim is procedurally barred in yet another way. It is not pleaded in the Petition[4], but was raised for the first time in the Objections. A habeas petitioner may not plead a new claim in his traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). *A fortiori*, he may not raise a new claim in Objections.

**Failure to File a Motion to Suppress in the March 17, 2016, Case**

Wood's second claim in the Objections is that he received ineffective assistance of trial counsel when his attorney did not file a motion to suppress the fruits of his arrest on March 17, 2016. Habeas counsel argues at some length the Ohio case law which he believes undercuts the

---

[4] *Birchfield* is mentioned in the Petition, but only as a case cited in an opinion from another court. Wood makes no claim in the Petition of trial court error by virtue of *Birchfield* or of either ineffective assistance of trial counsel or ineffective assistance of appellate counsel for failing to raise such a claim. (Objections, ECF No. 30, PageID 1342, citing ECF No. 1, PageID 39-40).

6

validity of the stop in Case 144 (Objections, ECF No. 30, PageID 1342-57).

The Objections contain no discussion whatsoever about where this or related claims have previously been raised in the case. The failure to file a motion to suppress would have been evident on the face of the appellate record and Wood's appellate counsel raised it as part of his fourth assignment of error on direct appeal. The Second District decided that claim as follows:

> [*P46] With respect to a motion to suppress evidence, Wood argues that trial counsel should have sought to suppress "the unlawful arrests and evidence obtained during the illegal detentions." His brief does not contain any support for his assertions that the arrests were unlawful or the detentions illegal, nor does it make clear why trial counsel should have been "aware of the necessary arguments based on his position at trial" that the officers lacked a "reasonable articulable suspicion of impairment to conduct field sobriety tests."

*State v. Wood*, 2018-Ohio-875 (2nd Dist. Mar. 9, 2018).

When Wood filed his 26(B) Application, he pleaded as one of the omitted assignments of error

> MR. WOOD'S APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ADDRESS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHEREAS MR. WOOD'S TRIAL COUNSEL FAILED TO FILE PRE TRIAL MOTIONS SUBJECTING THE BASIS OF THE STOPS TO ADVERSERIAL TESTING AND FAILED TO CALL EXPERT WITNESSES

(26(B) Application, State Court Record, ECF No. 14, Ex. 20, PageID 481).

The Second District decided this claim on the merits, holding:

> Second, Wood argues that appellate counsel was ineffective in failing to raise trial counsel's failure to "file pretrial motions subjecting the basis of the stops to adversarial testing and ***to call expert witnesses."
>
> As discussed in our Opinion [on direct appeal], appellate counsel did argue on appeal that trial counsel was ineffective for failing to file a motion to suppress evidence, and we rejected this argument. See *Wood* at ¶¶ 46-48. However, Wood's application offers an additional basis for a motion to suppress that was not previously

7

>raised, namely that the traffic stop in Case No. 16 CR 144 was pretextual. Specifically, he argues that Officer Finney "noticed that [Wood's] license validation sticker was obstructed," Wood at ¶ 13, but he points out that there "was no testimony or indication that the alleged obstruction of a sticker prevented [Finney] from identifying any one of the characters on the plate." However, Finney also testified that she witnessed Wood commit several lane violations prior to the traffic stop. Thus, although Officer Finney noticed the partial obstruction of the license plate when she pulled her cruiser behind Wood's car, she did not assert that the plate obstruction was the sole basis for the traffic stop; Wood acknowledges this fact in his application. Moreover, the Ohio Supreme Court has held that, whether pretextual or not, a traffic violation, however minor, gives an officer a reasonable, articulable suspicion justifying a traffic stop. See *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 20. Neither trial counsel nor appellate counsel was ineffective in failing to raise this argument.

*State v. Wood*, Case No. 2016-CA-169 (2nd Dist. Jul. 9, 2018)(unreported; copy at State Court Record, ECF No. 14, PageID 589-90).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Here the Second District decided on the merits Wood's motion-to-suppress ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims. Wood's burden in habeas, then, is to show that those two decisions unreasonably apply *Strickland*. He has not done so. His Objections argue this claim essentially as if this Court were to consider it *de novo*, rather than with AEDPA deference. But AEDPA deference is to be accorded state court ineffective assistance decisions on the merits.

>"A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree"

8

> on the correctness of the state court decision," *Harrington v. Richter,* 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. [415], ___ (2014), slip op. at 4.
>
> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ___, ___ (2013), slip op. at 9)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." at ___ (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149 (2016). The Report concluded the Second District's ineffective assistance decisions was entitled to AEDPA deference (ECF No. 17, PageID 1294), but the Objections do not address that conclusion, instead arguing the motion to suppress issue as if it were *de novo*.


**Unconstitutional Prior Convictions in Support of the Repeat Offender Specification**


Wood was convicted of the specification to Count Two that he had previously been convicted, within the past twenty years, of five DUI offenses. He claims that two of the five prior convictions were unconstitutional because they were uncounseled and that his trial attorney provided ineffective assistance of trial counsel by failing to file a motion *in limine* to exclude those two.

On direct appeal the Second District held there was no evidence in the appellate record to show the two convictions were unconstitutional, so the claim that they were and that trial counsel

9

was ineffective in failing to present that evidence had to be presented in post-conviction. *Wood, supra,* at ¶ 49. The Report found this was not an unreasonable application of *Strickland* (ECF No. 17, PageID 1294). The Objections do not take issue with this conclusion, but rather with the Report's rejection of this claim as raised in post-conviction (ECF No. 30, PageID 1358). In Ground One of Part Three of his Petition, Wood asserted:

> **GROUND ONE:** Mr. Wood's 2001 and 2007 prior misdemeanor convictions were uncounseled without valid waiver, resulted in imprisonment, were, thus, constitutionally infirm, and should have not been used to enhance the degree of the present charges; violating Petitioner's Fifth, Sixth and Fourteenth Amendment rights to the U.S. Constitution and Article I, Section 5, 10 and 16 of the Ohio Constitution, resulting in a fundamental miscarriage of justice.

(Petition, ECF No. 1, PageID 93.) The Second District had considered this claim on the merits on Wood's appeal from denial of his petition for post-conviction relief. Its decision is set out in full in the Report (ECF No. 30, PageID 1307-09, quoting *State v. Wood*, 2018-Ohio-3204, ¶¶ 11-18 (2nd Dist. Aug. 10, 2018)). In essence, the Second District found Wood had not supplied cognizable evidence that the prior convictions were unconstitutional because the evidence he submitted with his post-conviction petition did not meet the requirements of Ohio Revised Code § 2953.21.

Wood had argued in his Petition that the absence of notarization on his post-conviction affidavit was a mere procedural technicality and the Report responded that it was a required technicality to make evidence out of a mere statement (ECF No. 30, PageID 1309). The Objections "assert these procedural inadequacies this Court observed should have been treated with greater tolerance" (ECF No. 30, PageID 1358.) But these "procedural inadequacies" were not imposed by the Magistrate Judge, but instead are the grounds on which the Second District declined to hear this ineffective assistance of trial counsel claim on the merits.

The State relied repeatedly on Wood's various procedural defaults in presenting his claims to the state courts (Return, ECF No. 15). The Sixth Circuit Court of Appeals requires a four-part

10

analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a rule which it shares with most State and the federal courts that affidavits must be notarized. The Second District enforced that rule against Wood in this case. In allowing affidavits at all, Ohio has relaxed the hearsay rule because an affidavit is classic hearsay: an out-of-court statement offered to prove the truth of its content. In requiring that affidavits be notarized, Ohio is merely taking the precaution of requiring that the statement be made before a state official and that lying in an affidavit is punishable as perjury. Thus the notarization requirement is

adequate in the *Maupin* sense. It is completely independent of federal law – Ohio does not require affidavits related to federal claims to be notarized while excusing the requirement on other affidavits.

Wood suggests there is excusing cause and prejudice to overcome this procedural default, principally that at the stages of his state court proceedings after direct appeal, he has, until now, been without the assistance of counsel (Objections, ECF No. 30, PageID 1358). That limitation and others associated with being incarcerated do not excuse procedural default. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). He also argues he is entitled to leniency in enforcement of these rules under *Haines v. Kerner*, 404 U.S. 519 (1972). *Haines*, however, requires the liberal construction of allegations in pleadings. It does not apply to following easily-understood procedural rules, such as the requirement for notarization of affidavits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Counsel cites several occasions in which federal courts of appeals have allowed district courts to consider unsworn statements in immigration proceedings (Objections, ECF No. 30, PageID 1362). But it is not the Federal Rules of Evidence that are at issue here, but whether requiring notarization was an adequate and independent **state** ground of decision. No court known to the Magistrate Judge has found that requiring notarization of affidavits in post-conviction somehow denied a petitioner due process of law, yet this is Wood's ultimate conclusion (ECF No. 30, PageID 1364).

**Actual Innocence Excuses Procedural Defaults**

Wood argues that because his conviction on Count Two in the 143 case is unconstitutional under *Birchfield*, he is actually innocent of that charge and this will excuse his procedural defaults on any of his claims in the case (Objections, ECF No. 30, PageID 1364-67).

For reasons given above, the Magistrate Judge disagrees with the claim that *Birchfield* renders the conviction on Count 2 of the 143 case unconstitutional. But habeas counsel's argument in this section of the Objections betrays a fundamental misunderstanding of the actual innocence doctrine.

The controlling precedent on actual innocence is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

13

In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit anticipated *McQuiggin* and held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

"Actual" innocence means "factual" innocence. *Bousely, supra*. The *Souter* exception does not apply when a petitioner's assertion of actual innocence is based solely on his interpretation of the law; new exculpatory evidence is required. *Ross v. Berghuis,* 417 F.3d 552, 555 (6th Cir. 2005). Wood has presented absolutely no new evidence of his actual innocence within the meaning of that term in *Schlup* and *Souter*.

14

**Merits of Petitioner's Claims**

In this section of his Objections (ECF No. 30, PageID 1367-70), Wood argues the merits of some of his claims[5]. To the extent those arguments are not dealt with above, this Supplemental Report considers them here.

Wood claims he was denied a fair trial because his two cases were tried together. He blames the failure to sever on his trial attorney's flawed legal arguments on this issue (Objections, ECF No. 30, PageID 1368). The Report noted that the joinder issue, on the merits and not as an ineffective assistance of trial counsel claim, had been raised on direct appeal and decided adversely to Wood by the Second District (Report, ECF No. 17, PageID 1295-99). The appellate court noted that joinder is favored in Ohio because of judicial economy, that the evidence was simple and direct, and there was an overlapping witness, Corporal Perry.

The principal basis on which Wood objected to joinder in the Petition was that without it the jury would not have heard about all his prior DUI convictions. The Report found this to be inaccurate because both indictments included the five prior convictions specifications. Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), every element of the enhancement specification had to be proved to the jury beyond a reasonable doubt. The Report concluded that the Second District's decision was not an unreasonable application of clearly established Supreme Court precedent on the joinder question and the Objections do not respond to that conclusion at all.

---

[5] Habeas counsel graciously concedes that the Report did not err in all of its conclusions (Objections, ECF No. 30, PageID 1367, n. 9).

**Certificate of Appealability**

Wood objects separately to the Magistrate Judge's recommendation that the Court deny a certificate of appealability (Objections, ECF No. 30, PageID 1371-73). While he recites correctly the general standard for a certificate, he fails to show with any particularity which reasonable jurists would disagree with which conclusions in the Report. For example, he cites no judge who has found a statute like Ohio Revised Code § 4511.19(A(2) is unconstitutional under *Birchfield* or any jurist who has found a convincing case of actual innocence based on an argument such as the one he makes based on *Birchfield*.

The Sixth Circuit has recently sharpened the standard on issuance of certificates of appealability:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, 958 F.3d 485 (6th Cir. 2020).

The Magistrate Judge continues to believe Wood has not met the standard for a certificate of appealability.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again

16

respectfully recommends that the Petition be dismissed with prejudice. Because Wood has not shown reasonable jurists would disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 18, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.