# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. WOOD,

        Petitioner,      :    Case No. 3:19-cv-304

  - vs -                            District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
   Noble Correctional Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 34). The Motion is timely under Fed.R.Civ.P. 59(e) in that it was filed between the filing of the Order Adopting Supplemental Report and Recommendations (ECF No. 33) and the Judgment effecting the dismissal ordered by the Court (ECF No. 35). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a recommended disposition for the District Judge's consideration. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)); *Gencorp,*

1

*Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

The error of law asserted by Petitioner's counsel is the supposed lack of *de novo* review by the District Judge of the Magistrate Judge's original Report and Recommendations (ECF No. 17) in light of Petitioner's Objections to that Report (ECF No. 30). Petitioner expressly "contends that this Court has not made the required *de novo* determination of the Objections by virtue of having the Magistrate Judge further analyze the Objections." (Motion, ECF No. 34, PageID 3495.)

Petitioner is correct that when a party files objections to a Magistrate Judge's report and recommendations, the party is entitled to *de novo* review of those portions of the report to which specific objection is made. Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1). However, in resolving objections, Fed.R.Civ.P. 72(b)(3) expressly authorizes the district judge to "return the matter to the magistrate judge with instructions." That is what the District Judge did here. The Recommittal Order provides "pursuant to Fed. R. Civ. P. 72(b)(3), this matter is hereby returned to the Magistrate Judge with instructions to file a supplemental report analyzing the Objections and making recommendations based on that analysis." (ECF No. 31, PageID 1374).

In habeas corpus cases in this District, the assistance of the Magistrate Judge in conducting the required *de novo* review is often obtained by recommittal, not only by District Judge Rice, but by each and every District Judge of the Court, all of whom have used the undersigned in analyzing habeas corpus cases. Indeed each of them has recommitted habeas corpus cases to the undersigned for analysis of objections, as part of conducting *de novo* review.

Upon recommittal, the undersigned did as he was instructed. The Supplemental Report (ECF No. 32) addresses in detail all of the objections made, particularly because Petitioner had

2

been proceeding *pro se* up to this point; the Objections were the first filing made by counsel. The Supplemental Report is not a mere conclusory recitation that "*de novo* review has been conducted and no error found." Instead, it consists of seventeen pages of analysis of the Objections.

Petitioner's second argument is

> Moreover, Petitioner's counsel may have misunderstood this Court's Recommittal Order. Counsel believed the Court was seeking further analysis from the Magistrate Judge in order to assist the Court in its *de novo* review. **Counsel was unaware there was any expectation for Petitioner to file new Objections**.

(Motion, ECF No. 34, PageID 1395, emphasis supplied.)

The Magistrate Judge appended to the Supplemental Report the following Notice

### NOTICE REGARDING OBJECTIONS

> Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

(ECF No. 32, PageID 1391). While this Notice is not required by statute or civil rule, the Sixth Circuit requires it pursuant to its supervisory power over the District Courts and has done so for almost forty years. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Notice comports with 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(2) in prescribing that objections must be filed within fourteen days of service of the report. As an electronic filer, Petitioner's counsel was served electronically through the Court's CM/ECF system on the date the Supplemental Report was filed, September 21, 2020. Therefore Petitioner's

3

objections to the Supplemental Report were due to be filed by October 5, 2020. No objections were ever filed and Petitioner neither sought nor received an extension of time to object.[1] Despite the absence of objections, the Court waited more than a month after they were due to adopt the Supplemental Report.

**Conclusion**

Both the Magistrate's Act, 28 U.S.C. § 636(b), and Fed.R.Civ.P. 72(b) authorize District Judges to obtain the assistance of Magistrate Judges in conducting de novo review by recommitting a case. Conversely nothing in either the Act or the Rules excuses a party from filing objections to a supplemental report, particularly when notified to do so. Petitioner's Motion for Reconsideration is without merit and should be denied.

November 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The process of obtaining extensions of time to object was familiar to Petitioner's counsel who obtained three extensions of time to file objections to the original Report, each time with the consent of Respondent's counsel (See ECF Nos. 24, 26, and 28).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.