IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. WOOD, :
    Petitioner,
    v. : Case No. 3:19-cv-304
TIM BUCHANAN, Warden, Noble : JUDGE WALTER H. RICE
Correctional Institution,
    Respondent. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #36);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #37);
OVERRULING PETITIONER'S MOTION FOR RECONSIDERATION
(DOC. #34); DENYING REQUEST FOR CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; CASE TO REMAIN TERMINATED ON DOCKET

---

Michael A. Wood filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. #1. On April 27, 2020, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, recommending that the Petition be dismissed with prejudice, and that Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis.* Doc. #17. Petitioner then obtained counsel, who filed Objections to the Report and Recommendations. Doc. #30. The Court recommitted the matter to Magistrate Judge Merz "with instructions to file a supplemental report analyzing the Objections and recommendations based on that analysis." Doc. #31.

On September 21, 2020, the Magistrate Judge issued a 17-page Supplemental Report and Recommendations, thoroughly analyzing each of Petitioner's Objections. He again recommended that the Petition be dismissed with prejudice, and that Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*. Doc. #32. Therein, Petitioner was notified of his right to file Objections to the Supplemental Report and Recommendations, and of the consequences of failing to do so. *Id.* at PageID#1391. No Objections were filed. After conducting a *de novo* review of the Court's file, including the Objections to the original Report and Recommendations, and the applicable law, the Court, on November 10, 2020, issued an Order Adopting Supplemental Report and Recommendations. It dismissed the Petition with prejudice and denied a certificate of appealability and leave to appeal *in forma pauperis*. Doc. #33. On November 12, 2020, the Clerk entered Judgment in favor of Respondent. Doc. #35.

On the same day, Petitioner, still represented by counsel, filed a Motion for Reconsideration. Doc. #34. Counsel claimed that he did not understand that he was obligated to file any new Objections to the Supplemental Report and Recommendations. He "believed the Court was seeking further analysis from the Magistrate Judge in order to assist the Court in its *de novo* review" of the earlier Objections. *Id.* at PageID#1395.

Magistrate Judge Merz then issued a Report and Recommendations on Motion for Reconsideration. Doc. #36. He construed it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), and construed Petitioner's

2

arguments as alleging a clear error of law, *i.e.,* the supposed lack of *de novo* review by the district court judge of Petitioner's Objections to the Report and Recommendations. Magistrate Judge Merz found no clear error of law. He noted that Fed. R. Civ. P. 72(b)(3) expressly permits the district judge to recommit the matter to the magistrate judge with instructions, which is what happened here. The Supplemental Report and Recommendations thoroughly analyzed all of Petitioner's Objections to the original Report and Recommendations. Moreover, Petitioner was clearly notified of his right to file Objections to the Supplemental Report and Recommendations within 14 days, and of the consequences of failing to do so. Magistrate Judge Merz therefore recommended that the Court overrule the Motion for Reconsideration.

This matter is currently before the Court on Petitioner's Objections to the Magistrate Judge's Report and Recommendations on Motion for Reconsideration. Doc. #37. He argues that, to the extent that it appears that the Court adopted the Supplemental Report and Recommendations, not on the merits, but simply because no additional Objections were filed, this is either clear error of law or it results in manifest injustice to Petitioner.

Petitioner maintains that dismissal of his Petition constitutes clear error of law because the district court has yet to conduct a *de novo* review of his original Objections. He notes that the Recommittal Order states that the district judge has "*preliminarily* considered the Objections," and found that they would be "more appropriately resolved *after further analysis* by the Magistrate Judge." Doc. #31

3

(emphasis added). He contends that he should not be considered to have waived his original Objections simply because he filed no new Objections to the Supplemental Report and Recommendations.

Petitioner notes that, in *Ulrich v. Buchanon*, No. 3:13-cv-274, 2013 WL 5923702 (S.D. Ohio Nov. 4, 2013) (Black, J.), as here, the Petitioner filed Objections to the initial Report and Recommendations, but filed no Objections to the Supplemental Report and Recommendations. The Court "considered the issues presented *de novo*" before adopting the Reports and Recommendations, overruling Petitioner's Objections and dismissing the Petition. *Id.* at *1.

Petitioner correctly points out that, in contrast, the Order Adopting Supplemental Report and Recommendations, Doc. #33, does not indicate that the undersigned conducted any *de novo* review whatsoever. The Court assures Petitioner that, despite this deficiency, the Court's decision was not based solely on the fact that Petitioner failed to file any Objections to the Supplemental Report and Recommendations. Prior to issuing its decision, the Court did, in fact, conduct a thorough *de novo* review of Petitioner's Objections and the applicable law, and, for the reasons set forth by Magistrate Judge Merz in his Report and Recommendations and his Supplemental Report and Recommendations, the Court found Petitioner's Objections to be meritless.

Petitioner further argues that the alleged failure to conduct a *de novo* review will constitute a manifest injustice. He argues that the Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), constitutes an intervening

4

change in the law which affected his rights in state court and which was ignored by the trial court and the appellate courts. At the very least, Petitioner requests a certificate of appealability so that he can challenge the judgment entered in this case.

However, as Magistrate Judge Merz explained in the Supplemental Report and Recommendations, Ohio's statute is distinguishable from the statutes at issue in *Birchfield.* In addition, the Court cannot reach the merits of this claim because it is procedurally defaulted, not only because Petitioner failed to exhaust state court remedies and such remedies are no longer available to him, but also because he raised this claim for the first time in his Objections to the Report and Recommendations.

Based on the foregoing, the Court ADOPTS the Report and Recommendations, Doc. #36, and OVERRULES Petitioner's Objections thereto, Doc. #37. The Court OVERRULES Petitioner's Motion for Reconsideration, Doc. #34.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is again denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 26, 2021

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE