# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. WOOD,

        Petitioner,    :    Case No. 3:19-cv-304

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

        Respondent.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR DELAYED APPEAL

This habeas corpus case is before the Court on Petitioner's Motion for Delayed Appeal (ECF No. 39). The Motion was initially filed in the United States Court of Appeals for the Sixth Circuit and forwarded by that court to the Clerk with instructions to docket it as a Notice of Appeal (June 8, 2021, Letter from Patricia Elder to Richard Nagel, ECF No. 39 PageID 1421). The Clerk has complied with that instruction, but the Motion requests relief beyond mere docketing as a notice of appeal: permission to file a delayed appeal.

The docket shows that Judge Rice ordered dismissal of this habeas corpus case on the merits on November 10, 2020 (ECF No. 33); the Clerk accordingly entered judgment on November 12, 2020 (ECF No. 35). On that same date counsel filed a Motion for Reconsideration on Petitioner's behalf (ECF No. 34). The Magistrate Judge treated the Motion for Reconsideration as a motion under Fed.R.Civ.P. 59(e) and recommended it be denied (ECF No. 36). Petitioner

1

objected through counsel (ECF No. 37), but Judge Rice adopted the recommendation of February 26, 2021 (ECF No. 38).

The filing of a timely motion under Fed.R.Civ.P. 59(e) tolls the time for appeal. Because the Motion for Reconsideration was filed on the same day as the judgment, Petitioner's time to appeal did not begin to run until February 26, 2021. The time for appeal in a civil case, including habeas corpus, is thirty days from the date of judgment. Fed. R. App. P. 4(a)(1)(A). Therefore Petitioner's time to appeal expired March 29, 2021, because the thirtieth day, March 28, 2021, was a Sunday. Petitioner's Motion for Delayed Appeal was not filed until June 8, 2021.

A district court has authority to extend the time for filing a notice of appeal under Fed. R. App. P. 5(A) if the motion is filed within thirty days after the time for appeal expires and the appellant shows excusable neglect or other good cause. Wood cannot qualify under this provision because thirty days after March 29, 2021, was April 28, 2021.

A district court can also reopen the time for appeal if it finds the appellant did not receive notice of the judgment. Wood, however, does not claim he did not receive the required notice under Fed.R.Civ.P. 77(d) and his counsel would have automatically received a Notice of Electronic Filing when the Judgment was docketed.

Petitioner's motion appears to confuse appeals in Ohio courts with appeals in federal court. He notes that in the Ohio courts permission to file a delayed appeal may be requested at any time (Motion, ECF No. 39, PageID 1415, citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

In *Searcy* the Sixth Circuit affirmed this Court's dismissal of a habeas petition as untimely filed under the AEDPA statute of limitations, 28 U.S.C. § 2244(d). It expressly held that the filing of a motion for delayed appeal in an Ohio appellate court could toll the federal statute of limitations but not restart it. *Searcy* says nothing about the time to appeal to a federal circuit court from a

judgment in a district court.

Wood also argues he is entitled to equitable tolling of the time to appeal and recounts the efforts he has made to obtain legal assistance (ECF No. 39, PageID 1416). In an attached email to the American Civil Liberties Union, he claims the Magistrate Judge threatened to "move for sanctions" if an appeal was filed and this caused his attorney to withdraw (ECF No. 39, PageID 1418). Wood's attorney has never withdrawn. And in almost forty-six years of judicial service, I have never threatened anyone that I would seek sanctions if they appealed.[1] Wood asserts this non-existent threat somehow kept him from filing a simple notice of appeal. If such a threat had been made, it would be the proper subject of a judicial ethics complaint.

More to the point, the Supreme Court and the Sixth Circuit have never recognized equitable tolling as an excuse for late filing of a notice of appeal. To the contrary a timely notice of appeal in a civil case under Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which the court of appeals can neither waive nor extend if the time limit is established by statute. *Bowles v. Russell*, 551 U.S. 205 (2007)(distinguishes time limits established by statute (28 U.S.C. § 2107(a)) from those in court rules (e.g. App. R. 4(b)); dissent distinguishes statutes of limitation subject to equitable tolling without comment by majority); *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978); *Ultimate Appliance CC v. Kirby Co.,* 601 F.3d 414, 415-16 (6th Cir. 2010); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989)(per curiam); *McMillan v. Barksdale*, 823 F.2d 981, 982 (6th Cir. 1987); *Myers v. Ace Hardware*, 777 F.2d 1099, 1102 (6th Cir. 1985); *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1018 (6th Cir. 1983).

---

[1] I did once seek and receive court costs on appeal after the appeal was dismissed from a person, one Frank Newsome, who sued me personally and then frivolously appealed from the judgment of dismissal I received.

**Conclusion**

Because this Court is without authority to grant a delayed appeal, Petitioner's motion for that relief should be denied.

June 9, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #