# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. WOOD,

       Petitioner,   :   Case No. 3:19-cv-304

  - vs -                       District Judge Walter H. Rice
                                Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
   Noble Correctional Institution,

                                   :
       Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON MOTION FOR DELAYED APPEAL

This habeas corpus case is before the Court on Petitioner's Motion for Delayed Appeal (ECF No. 39). On June 9, 2021, the undersigned filed a Report and Recommendations recommending that the Motion be denied because this Court lacked authority to grant it ("Report," ECF No. 40). Petitioner has now filed Objections which, with attachments, total over 200 pages (ECF No. 42). For ease of the District Court in considering the issues presented, the Magistrate Judge WITHDRAWS the Report and SUBSTITUTES this report for it.

**The Motion for Delayed Appeal**

In the original Report, the Magistrate Judge noted that although Judge Rice dismissed this case, Wood's time to appeal was tolled by his attorney's filing a Motion under Fed.R.Civ.P. 59(e).

1

The thirty-day time to appeal began to run when that Motion was denied on February 26, 2021 (ECF No. 38). The deadline for filing a notice of appeal was therefore March 29, 2021. Petitioner's Motion for Delayed Appeal was not filed until June 3, 2021, and was docketed as a notice of appeal on instructions from the Sixth Circuit.

The filing of a timely motion under Fed.R.Civ.P. 59(e) tolls the time for appeal. Because a Motion for Reconsideration was filed on the same day as the judgment, Petitioner's time to appeal did not begin to run until February 26, 2021. The time for appeal in a civil case, including habeas corpus, is thirty days from the date of judgment. Fed. R. App. P. 4(a)(1)(A). Therefore Petitioner's time to appeal expired March 29, 2021, because the thirtieth day, March 28, 2021, was a Sunday. Petitioner's Motion for Delayed Appeal was not filed until June 8, 2021 (ECF No. 39).

The original Report explained that there are two, and only two, ways in which a district court can extend the time for filing a notice of appeal. It can do so under Fed. R. App. P. 5(A) if the motion is filed within thirty days after the time for appeal expires and the appellant shows excusable neglect or other good cause. Wood cannot qualify under this provision because thirty days after March 29, 2021, was April 28, 2021.

A district court can also reopen the time for appeal if it finds the appellant did not receive notice of the judgment. Wood, however, does not claim he did not receive the required notice under Fed.R.Civ.P. 77(d) and his counsel would have automatically received a Notice of Electronic Filing when the Judgment was docketed. In his Objections, Wood does not asserts the Magistrate Judge's analysis on either of these two possibilities is in error.

Instead, Wood relies on *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). In *Searcy* the habeas petitioner filed a motion to delayed appeal to the Supreme Court of Ohio three years after his direct appeal was complete. *Id.* at 516. He claimed that the one-year federal statute of

limitations for habeas corpus cases did not begin to run until the Ohio Supreme Court denied that motion. *Id.* The Sixth Circuit denied that claim. In fact it held that because an Ohio criminal defendant can apply at any time for a delayed appeal in the Ohio appellate courts, such a motion could not delay the running of the federal statute of limitations. *Id.* at 519.

The fact that Ohio allows for delayed appeals to its appellate courts in criminal cases at any time has no bearing on appeals in federal cases. Procedure in federal appeals is governed by the Federal Rules of Appellate Procedure, and not by Ohio criminal procedure. This Court is without authority to grant the delayed appeal Petitioner seeks; the Motion for Delayed Appeal should be denied on that basis.

**Other Matters Raised in the Motion**

Although lack of authority to grant the requested relief is sufficient to dispose the pending Motion, other matters are raised in the Motion which require at least comment.

Wood attached to the Motion an attached email to the American Civil Liberties Union, in which he claims the Magistrate Judge threatened to "move for sanctions" if an appeal was filed (ECF No. 39, PageID 1418). In the original Report, I wrote that I had never done such a thing, either to Wood or any other litigant who had ever appeared before me (Report, ECF No. 40). Undissuaded, Wood now claims under oath that

> Through telephonic communication Charles Koenig told Wood that he spoke with Magistrate Merz multiple times and Merz threatened to move for sanction against counsel and Wood if appeal was filed, Wood does not appreciate being threatened by anyone. Someone is lying, however the email from counsel evidenced that he was concerned and his vigorous representation came to an abrupt end.

(Objections, ECF No. 42, PageID 1429-30). I declare unequivocally that I never engaged in any

3

such conversation with Attorney Koenig. If I were persuaded that Attorney Koenig actually said to Petitioner what Wood claims he said, I would seek sanctions under Fed.R.Civ.P. 11 against Mr. Koenig for that false statement. Since I am not persuaded he ever said any such thing, I will let the matter rest with my denial.

Wood reargues the questions of whether he should be permitted to appeal *in forma pauperis* and be granted a certificate of appealability and criticizes the original Report for not addressing them. Those issues have already been decided by District Judge Rice. Wood is free to ask the Sixth Circuit for relief on these points. His Motion for Delayed Appeal did not ask this Court to reconsider the merits of his case.

Along with his Objections, Wood has filed an Affidavit in which he accuses his trial attorney of ineffective assistance of trial counsel for not discovering and using the personnel files of the State's witnesses, which he has attached. (ECF No. 42-1). This claim is not made in the Petition. Wood pleaded as Ground Four that he had received ineffective assistance of trial counsel in four ways, but this claim is not among them. A habeas petitioner cannot add a claim to his case even in the reply/traverse, much less in objections to denial of a delayed appeal. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Wood has never sought nor received permission to expand the record to include these documents. Accordingly, the Affidavit and attachments (ECF Nos. 42-1 through 42-4) are STRICKEN. If Wood believes these documents should be considered in his case, he may file an application with the Sixth Circuit to file a second or successive petition.

The Clerk shall mail a copy of this Substituted Report directly to Petitioner.

June 22, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #